MALTBY *v.* GRAHAM *et al.*

*(Circuit Court, S. D. New York.* February 7, 1889.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—NAIL-EXTRACTOR.

Reissued letters patent No. 5,502, July 29, 1873, to George J. Capewell, describe a nail-extractor having a movable jaw worked by a long, hollow arm, in which is a heavy rammer against another jaw, shaped for a fulcrum. The jaws are driven by the rammer into the wood until they grasp the nail-head. The arm, which may be lengthened by drawing out the rammer, acts as a lever over the fulcrum, which tightens the grip. A nail-extractor having similar jaws

was described in letters patent No. 107,121, September 6, 1870, to George C. Taft. A similar rammer in an arm was described in letters patent No. 54,-852, May 22, 1866, for driving an ice-pick, and in letters patent No. 81,855, September 1, 1868, to John Willard, for driving a box-opener, which could be used as a nail-extractor. *Held*, that the combination of elements in the Capewell patent being new, it was patentable.

2. SAME—REISSUE—EXTENT OF CLAIM.

The claim of the reissue, which is for a nail-extractor provided with a movable jaw and fulcrum, in combination with a percussive device, constructed and operating substantially as described. is no broader than the claims of the original, which were for the combination of a rammer and a hollow stem provided with claws. for extracting nails, substantially as described, and for the combination of the hollow stem, stationary and pivoted claws. fulcrum, fulcrum-spring, and sliding rammer, all operating substantially as described. There was therefore no abandonment in accepting the original; and, the reissue having been applied for within a few months, excuses for it are not necessary.

In Equity.

Bill by Douglass F. Maltby against John H. Graham and William A. Graham for the infringement of a patent. For opinion on motion for preliminary injunction, see 35 Fed. Rep. 206.

*Francis Forbes*, for complainant.

*George H. Knight* and *Harry E. Knight*, for defendants.

WHEELER, J. This suit is brought upon reissued letters patent No. 5,502, dated July 29, 1873, and granted to George J. Capewell for an improvement in nail-extractors. The defenses relied upon at the hearing are want of patentable novelty, abandonment in accepting the original patent, and want of foundation for the reissue. The nail-extractor of this patent has a movable jaw, working by a long, hollow arm, in which is a heavy rammer, against another jaw, shaped for a fulcrum. In use the jaws are placed over the nail-head, and driven by the rammer into the wood around the nail until they will grasp the head; then, by motion of the arm, which may be lengthened by drawing out the rammer, as a lever over the fulcrum, which tightens the grip, the nail is drawn without much bending. A nail-extractor with similar jaws, one acting as a fulcrum, and having an arm for a lever, was patented to George C. Taft in letters patent No. 107,121, dated September 6, 1870; and a similar rammer in an arm was described in letters patent No. 54,852, dated May 22, 1866, for driving an ice-pick, and in letters patent No. 81,855, dated September 1, 1868, and granted to John Willard, for driving a box-opener, which could be used as a nail-extractor. Counsel for the defendants claim that uniting this device to the jaws of Taft's nail-extractor was a mere aggregation of parts, not forming a patentable combination. This assumes that these parts do not work together to accomplish any result in a new way. But this assumption is not well-founded in fact. When brought together and arranged as was done by Capewell, they made a different machine for pulling nails from any that had existed before, and all the parts of it worked together to take hold of and draw nails in a manner different from that of any machine before. This seems to amount to a new combination and arrangement of parts constituting an invention of

a patentable combination. *Loom Co.* v. *Higgins,* 105 U. S. 580. Capewell made four claims in his application for the original patent. These were reduced on adverse references and rulings to two. One was for the combination of a rammer and a hollow stem provided with claws for extracting nails, substantially as shown and described; the other was for the combination of the hollow stem, stationary claw, pivoted claw, fulcrum, fulcrum-spring, and sliding rammer, all operating substantially as described. In the reissue the claim is for a nail-extractor provided with a movable jaw and fulcrum, in combination with a percussive device, constructed and operating substantially as described. The specification of the reissue is substantially the same as that of the original, and the claims of both are for devices and operations of devices described. The names for devices in each must signify the same things. The percussive device of the claim in the reissue is the one described, and is the hollow stem and rammer of each of the claims of the original. The movable jaw and fulcrum of the reissue are the claws and fulcrum, including the spring, of the second claim of the original, and the claws of the first. The claims of the reissue do not appear to go outside of or beyond the original in any respect. The reissue, therefore, covers nothing which was left out of the original, and consequently nothing which was abandoned in accepting the original. No reason is shown for the reissue; but it was applied for within a few months, and was no broader than the original. Under these circumstances excuses for the reissue do not appear to be necessary. *Eames* v. *Andrews,* 122 U. S. 40, 7 Sup. Ct. Rep. 1073. These views accord with what are understood to have been those of Judge SHIPMAN in *Maltby* v. *Converse,*[1] and of Judge WALLACE in *Maltby* v. *Tool Co.,*[1] upon this same patent. Let there be a decree for a perpetual injunction and an account, according to the prayer of the bill.

